UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE SEAGRAVES, et al., <br><br>Plaintiffs, <br><br>v. <br><br>DEPARTMENT OF CHILDREN YOUTH AND FAMILIES; ROSS HUNTER, <br><br>Defendants. | Case No. 3:24-cv-05081-TMC <br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS |

## I.   INTRODUCTION

Before the Court is Defendants Washington State Department of Children, Youth, and Families (DCYF) and Ross Hunter's motion to dismiss (Dkt. 12). The Court heard oral argument on September 18, 2024. Dkt. 26. Having considered the briefing, oral argument, governing law, and the balance of the record, the Court GRANTS in large part the motion to dismiss but allows Plaintiffs leave to amend.

## II.   BACKGROUND

On August 9, 2021, Washington State Governor Jay Inslee issued Proclamation 21-14 (with amendments, "the Proclamation") requiring most Washington state employees to be fully vaccinated against COVID-19 by October 18, 2021. Dkt. 1-2. The Proclamation provided that

ORDER ON DEFENDANTS' MOTION TO DISMISS - 1

workers who were entitled to accommodation for a sincerely held religious belief under an applicable law were exempt from the mandate but noted that "State Agencies are not required to provide such accommodations if they would cause undue hardship." *Id.* at 5–6.

Defendant Hunter was the Secretary of DCYF, a Washington state agency, at the time Plaintiffs were terminated. Dkt. 1 ¶¶ 9–10. Plaintiffs are 18 former DCYF employees who sought religious and/or medical exemptions from Washington's COVID-19 vaccination mandate. *Id.* ¶ 2. Plaintiffs claim DCYF wrongfully denied them accommodations and terminated their employment for failure to comply with the Proclamation. *Id.*

On January 30, 2024, Plaintiffs filed this action asserting sixteen causes of action under the U.S. Constitution, federal law, the Washington Constitution, and Washington law. Dkt. 1 ¶¶ 401–630. They seek monetary damages, attorney's fees, and "[r]einstatement for those Plaintiffs who desire to return to their previous positions." *Id.* at 130–31.

### III.   DISCUSSION

**A.   Legal Standards**

   *1.   Rule 12(b)(6)*

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v.*

*Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014), but need not "accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

**B.     The Ninth Circuit has already upheld the facial validity of the Proclamation.**

Plaintiffs concede in their response that they are not challenging the facial validity of the Proclamation. Dkt. 15 at 1. Such a challenge would fail because the Ninth Circuit has already upheld the facial validity of the Proclamation in persuasive memorandum opinions. *See, e.g.*, *Pilz v. Inslee*, No. 22-35508, 2023 WL 8866565, at *2 (9th Cir. Dec. 22, 2023) ("The Proclamation does not facially violate the Free Exercise Clause."); *Bacon v. Woodward*, No. 22-35611, 2024 WL 3041850, at *1 (9th Cir. June 18, 2024) (same). The Court thus construes Plaintiffs' complaint as raising as-applied challenges only.

**C.     The Court dismisses all federal claims.**

While Plaintiffs' complaint specifies that they are bringing only two of their seven federal constitutional claims pursuant to 42 U.S.C. § 1983, *see* Dkt. 1 ¶¶ 401–630, "a litigant

complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983," *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). The Court therefore construes the rest of Plaintiffs' federal constitutional claims as brought pursuant to Section 1983. *See Khazali v. Washington*, No. C23-0796JLR, 2023 WL 3866767, at *1 (W.D. Wash. June 7, 2023).

To state a claim for relief under Section 1983, a plaintiff must show: (1) that he or she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the causation requirement of Section 1983, a plaintiff must demonstrate that a defendant caused the alleged deprivation by doing an affirmative act, participating in another's affirmative act, or omitting to perform an act which he or she was legally required to do. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A Section 1983 "inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under Section 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under Section 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

  1.  *The Court dismisses all claims against DCYF and Hunter in his official capacity.*

To the extent that Plaintiffs seek damages against DCYF and Hunter in his official capacity, those claims are barred by the Eleventh Amendment. *Mitchell v. Washington*, 818 F.3d

436, 442 (9th Cir. 2016). A state agency is not a person for purposes of Section 1983 and cannot be sued for constitutional violations unless it affirmatively waives its sovereign immunity. *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) ("States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' under § 1983." (citation omitted)). "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." *Arizonans for Off. Eng. v. Ariz.*, 520 U.S. 43, 69 n.24 (1997).

Since it is clear that no amendment could cure the fact that the State has not waived sovereign immunity, the Court dismisses Plaintiffs' federal constitutional claims against DCYF and their damages claims against Hunter in his official capacity with prejudice. To the extent Plaintiffs intended to plead claims for injunctive relief against Hunter in his official capacity under *Ex parte Young*, 209 U.S. 123 (1908), the Court dismisses those claims without prejudice for failure to sufficiently allege an ongoing violation of federal law for any specific plaintiff. *R.W. v. Columbia Basin College*, 77 F.4th 1214, 1221 (9th Cir. 2023) ("For a suit to proceed under *Ex parte Young*, the plaintiff must allege . . . an ongoing violation of federal law for which she seeks prospective injunctive relief.").

    2.    *Plaintiffs have abandoned their investigational drug use claims and takings claims.*

Plaintiffs failed to oppose dismissal of their investigational drug use claims and takings claims. *See generally* Dkt. 15. The Court deems these causes of action abandoned and dismisses them with prejudice. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (holding that the failure to defend a claim stated in a complaint in opposition to a motion to dismiss constitutes abandonment of the claim).

> 3. *Plaintiffs fail to adequately identify how Hunter personally participated in alleged violations.*

As to claims against Hunter in his personal capacity, Plaintiffs fail to adequately identify how Hunter personally participated in violating each Plaintiff's rights for each cause of action. In a case against multiple defendants, the complaint must allege specifically what each defendant did wrong, rather than asserting general allegations against the defendants as a group. *Trusov v. Oregon Health & Sci. Univ.*, No. 3:23-CV-77-SI, 2023 WL 6147251, at *2 (D. Or. Sept. 20, 2023); *see Evans v. Sherman*, 2020 WL 1923176, at *3 (E.D. Cal. Apr. 21, 2020) (noting that a plaintiff who "simply lumps all defendants together" makes it "impossible for the Court to draw the necessary connection between the actions or omissions" of the various defendants); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal. 2018) ("Plaintiffs must identify what action each Defendant took that caused Plaintiffs' harm, without resort to generalized allegations against Defendants as a whole." (internal quotation marks and citation omitted)); *Wright v. City of Santa Cruz*, No. 13–cv–01230–BLF, 2014 WL 5830318, at *5 (N.D. Cal. Nov. 10, 2014) ("These allegations are inadequate because they lump all defendants together and fail to allege the factual basis for each defendant's liability.").

Plaintiffs' allegations against Hunter are sparse. *See* Dkt. 1 ¶¶ 7, 10, 52, 54. Their allegations about Hunter's "religious animus" are conclusory. *See* Dkt. 1 ¶¶ 52, 54. And their other allegations about his conduct do not make out a constitutional violation. *See* Dkt. 1 ¶¶ 7, 10, 52, 54; Dkt. 1-5.

Throughout the complaint, Plaintiffs refer to actions by "Defendants" as a unit and do not explain how Hunter was involved individually. *See generally* Dkt. 1. By "simply lump[ing] all defendants together," they make it "impossible for the Court to draw the necessary connection between the actions or omissions" of Hunter himself, *see Evans*, 2020 WL 1923176, at *3, or to

conduct an "inquiry into causation" under Section 1983 that is "individualized and focus[ed] on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation," *Leer*, 844 F.2d at 633.

Plaintiffs argue in their response that "it is a natural inference that any new policy about investigating exemption requests had to be approved by the Secretary, and in this procedural posture, that inference must be made." Dkt. 15 at 21. Similarly, at oral argument they requested the Court to "infer" Hunter was responsible for the agency's practices as its leader. But such inferences are not reasonable and supervisors are not vicariously liable under Section 1983 for actions taken under their leadership in the absence of personal participation. *See Lemire*, 726 F.3d at 1074. To state a Section 1983 claim for supervisory liability, Plaintiffs must allege that Hunter was personally involved in the constitutional violation or that his unlawful conduct caused the constitutional violation. *See Jackson*, 268 F.3d at 653. "A liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," and "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs also contended at oral argument that the Court should allow the parties to proceed to discovery to allow Plaintiffs the opportunity to learn the extent to which Hunter was personally involved in the alleged violations. But this argument fails under *Iqbal* and *Twombly*, which held that plaintiffs cannot proceed to discovery where, as here, they have not alleged facts giving rise to a plausible claim for relief. *See Twombly*, 550 U.S. 555–70; *Iqbal*, 556 U.S. at 678–83. The Court thus dismisses without prejudice claims against Hunter in his personal capacity, but grants Plaintiffs leave to amend their complaint to cure these deficiencies, as discussed below.

ORDER ON DEFENDANTS' MOTION TO DISMISS - 7

    *4.    The Court does not reach qualified immunity defense.*

The Court does not reach the question of qualified immunity because it has dismissed the federal claims against Hunter, the only individual defendant.

**D.    The Court declines to exercise supplemental jurisdiction over state law claims.**

Plaintiffs have failed to state any federal claims. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the state law claims and dismisses them without prejudice. If Plaintiffs choose to file an amended complaint to cure the deficiencies of their federal claims, they may choose to reassert their state claims in their amended complaint. The Court may then reconsider whether supplemental jurisdiction over Plaintiffs' state law claims is appropriate.

**E.    Leave to amend is proper.**

Defendants argue the Court should dismiss Plaintiffs' claims with prejudice, Dkt. 12 at 58, thereby denying them an opportunity to amend their complaint. But in *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024), another case concerning as-applied federal challenges to the Proclamation, the Ninth Circuit reiterated that Courts should liberally grant leave to amend when dismissing a complaint. "Leave to amend shall be freely given when justice so requires, and this policy is to be applied with extreme liberality." *Id.* (quoting *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014)). The Ninth Circuit has repeatedly held that "[e]ven if a complaint is deficient . . . , 'a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not be cured by the allegation of other facts.'" *Id.* (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)) (emphasis in original).

Plaintiffs have not yet amended their complaint and the deficiencies of their federal claims may be curable if Plaintiffs plead facts explaining Hunter's personal involvement in the

ORDER ON DEFENDANTS' MOTION TO DISMISS - 8

alleged constitutional violations. The Court thus GRANTS leave to amend. If Plaintiffs choose to amend their complaint, they should also specify which, if any, Plaintiffs are making claims for injunctive relief.

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- The Court GRANTS Defendants' motion (Dkt. 12) as to all federal and state claims. The Court DISMISSES with prejudice all claims against DCYF and damages claims against Hunter in his official capacity, and all investigational drug use claims and takings claims. The Court DISMISSES without prejudice all claims for injunctive relief against Hunter in his official capacity, all federal claims against Hunter in his personal capacity, and all state claims.

- The Court GRANTS Plaintiffs leave to amend their complaint to address the deficiencies identified in this order. An amended complaint is due no later than **October 11, 2024**.

- Defendants may file a renewed motion to dismiss within **twenty-one (21)** days of the filing of the amended complaint.

- If the parties wish to delay briefing on a renewed motion to dismiss pending the determination of petitions for rehearing en banc in *Bacon v. Woodward*, 104 F.4th 744 (9th Cir. 2024) and/or *Health Freedom Defense Fund v. Carvalho*, 104 F.4th 715 (9th Cir. 2024), they shall confer and submit a motion with that request.

Dated this 20th day of September, 2024.

_____
Tiffany M. Cartwright
United States District Judge