UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHANIE SEAGRAVES, et al.,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILDREN YOUTH AND FAMILIES; ROSS HUNTER, MARCOS RODRIGUEZ; VICKIE YBARRA<br><br>Defendant. | Case No. 3:24-cv-05081-TMC<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

## I.    ORDER

Before the Court is Plaintiffs' motion for reconsideration (Dkt. 51) of the Court's order granting Defendants' motion to dismiss (Dkt. 49). Plaintiffs ask this Court to revisit its dismissal of their federal claims. For the reasons explained below, the Court DENIES the motion for reconsideration.

Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 1

brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Plaintiffs' motion fails to meet this high bar. In the motion, Plaintiffs simply rehash the same arguments presented in their response to Defendants' motion to dismiss. For example, Plaintiffs contend that they have sufficiently alleged personal participation of individual Defendants in their constitutional violations. Dkt. 51 at 4–5. But again, Plaintiffs make only speculative and conclusory allegations that "[i]ndividual Defendants created DCYF's defective Policy and processes which treated DCYF's unvaccinated religious–exemption employees less favorably than its unvaccinated secular–exemption employees" and "the Court may reasonably infer that Individual Defendants each knew about the unconstitutional violations being committed, had the authority and ability to intervene, but failed to." *Id.*; *see Taylor v. Washington State Dep't of Corr.*, No. C23-6186-MLP, 2024 WL 4529236, at *3 (W.D. Wash Oct. 18, 2024) (finding that the plaintiff failed to state a Section 1983 claim for supervisory liability because they did not "allege any actions or omissions by either Individual Defendant with regard to any specific decision or policy").

While Plaintiffs may believe that the Third Circuit's decision in *Children's Health Def., Inc. v. Rutgers, the State Univ. of New Jersey*, 93 F.4th 66, 78 (3d Cir.), *cert. denied sub nom. Children's Health Def. v. Rutgers, the State Univ. of New Jersey*, 144 S. Ct. 2688, 219 L. Ed. 2d 1302 (2024) is based on a "mistaken" belief about COVID vaccines, *see* Dkt. 51 at 6–7, binding

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 2

precedent is clear that there is no fundamental right to refuse vaccination requirements. *See Jacobson v. Massachusetts*, 197 U.S. 11, 12–13 (1905) (upholding Massachusetts's vaccine mandate that applied to all adults and imposed penalties and criminal charges for non-compliance).

The remainder of the motion consists of the same arguments that this Court rejected in its prior order. And absent a showing of manifest error, newly discovered evidence, or intervening change in controlling law, reconsideration is not warranted. *See Marlyn Natraceuticals, Inc.*, 571 F.3d at 880. Plaintiffs additionally ask the Court to grant them leave to amend their complaint again because "[o]ther facts can be alleged to strengthen and support Plaintiffs' claims." Dkt. 51 at 2. But reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," and it is improper to give Plaintiffs a "second bite at the apple" after they have already been granted leave to amend their complaint once, *see* Dkt. 27. *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Stevens v. Pierce Cnty.*, 2023 WL 6807204, at *2. This is especially true where, as here, the Plaintiffs have not shown why additional facts could not have been included in their previous amended complaint.

Thus, Plaintiffs' motion for reconsideration (Dkt. 51) is DENIED.

Dated this 23rd day of April, 2025.

Tiffany M. Cartwright
United States District Judge